```
                                           PAGES 1 - 11

                   UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                BEFORE THE HONORABLE JOSEPH C. SPERO

BRANDI N. BANKSTON,                 )
                                    )
         PLAINTIFF,                 )
                                    )
  VS.                               ) NO. C 09-4892 SBA
                                    )
AMERICREDIT FINANCIAL               )
SERVICES, INC.,                     )
                                    ) SAN FRANCISCO, CALIFORNIA
              DEFENDANTS.           ) FRIDAY, APRIL 23, 2010
_____)
```

### TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

**FOR PLAINTIFFS**          ANDERSON, OGILVIE & BREWER
                            600 CALIFORNIA STREET, 18TH FLOOR
                            SAN FRANCISCO, CALIFORNIA  94108
                    **BY:   ANDREW J. OGILVIE, ESQUIRE**


**FOR DEFENDANTS**          SHEPPARD, MULLIN, RICHTER & HAMPTON
                            FOUR EMBARCADERO CENTER
                            SAN FRANCISCO, CALIFORNIA  94111
                    **BY:   PETER S. HECKER, ESQUIRE**
                            **ANNA S. MCLEAN, ESQUIRE**


*REPORTED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
               *OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

```
 1                PROCEEDINGS; FRIDAY, APRIL 23, 2010

 2

 3           THE CLERK:  CALLING CASE C 09-4892, BRANDI N.
 4   BANKSTON VERSUS AMERICREDIT FINANCIAL SERVICES.
 5           MR. HECKER:  GOOD MORNING.  PETER HECKER AND ANNA
 6   MCLEAN FOR AMERICREDIT FINANCIAL SERVICES.
 7           THE COURT:  WELCOME.
 8           MR. HECKER:  THANK YOU.
 9           MS. MCLEAN:  GOOD MORNING.
10           MR. OGILVIE:  GOOD MORNING, YOUR HONOR.  I'M ANDREW
11   OGILVIE.  I'M APPEARING ON BEHALF OF BRANDI BANKSTON.
12           THE COURT:  WELCOME.  WHEN IS THE HEARING ON CLASS
13   CERT?
14           MR. OGILVIE:  MAY 11.
15           THE COURT:  LIKE THREE WEEKS?
16           MR. HECKER:  TWO AND A HALF, YOUR HONOR.
17           THE COURT:  WHY DON'T WE WAIT?
18           HERE'S MY VIEW OF THIS:  THIS INFORMATION WILL BE
19   PROVIDED IF THERE'S A CLASS ACTION.  SO IF ON MAY 12TH SHE SAYS,
20   THIS CLASS IS CERTIFIED, THEN I -- THEN I ORDER ALL THIS
21   INFORMATION PRODUCED.  SOME OF IT CAN BE PRODUCED UNDER A
22   PROTECTIVE ORDER TO PROTECT PRIVACY RIGHTS AND THAT SORT OF
23   THING, BUT THE INFORMATION GETS PRODUCED AND GETS PRODUCED RIGHT
24   AWAY.  IT DOESN'T SEEM TO ME IT'S VERY COMPLICATED.
25           MR. OGILVIE:  YOUR HONOR, THE INFORMATION IS NOT
```

```
 1  COMPLICATED AND IS CLEARLY RELEVANT.  THE PROBLEM WITH PUTTING
 2  IT OFF IS THAT THE DATES FOR THESE HEARINGS GET PUT OFF.
 3          THE COURT:  YOUR MOTIONS HAVE TO BE HEARD BY
 4  OCTOBER 15TH.
 5          MR. OGILVIE:  YOUR HONOR, THE CUTOFF DATE FOR CASE
 6  DISPOSITIVE MOTIONS IS OCTOBER 5.  WE HAVE A TRIAL THAT STARTS
 7  IN DECEMBER.  BETWEEN NOW AND THEN, I NEED TO COMPLETE MY
 8  DISCOVERY BY THE END OF JULY.  I NEED TO GET THE CLASS
 9  CERTIFIED, NOTIFIED, AND ONLY AFTER THAT CAN I GET TO THE
10  DISPOSITIVE MOTIONS.  SO IF EVERYTHING KEEPS GETTING PUT OFF --
11  WE HAVE BEEN WAITING FOR RULINGS IN OTHER MOTIONS SINCE LAST
12  FALL, AND MY --
13          THE COURT:  I UNDERSTAND.
14          MR. OGILVIE:  MY CONCERN IS THAT CLASS CERTIFICATION
15  WON'T BE DECIDED UNTIL JULY, AND THEN SOMEONE WILL BE SAYING,
16  WHY DIDN'T YOU GET YOUR DISCOVERY, BECAUSE WE'RE READY TO GO TO
17  TRIAL.  I'VE HAD A TRIAL DATE FOR A YEAR.
18          THE COURT:  THAT'S A FAIR QUESTION -- FAIR COMMENT,
19  AND I -- WE NEED TO PROTECT AGAINST THAT.
20          SO MY THOUGHT IS, IT'S NOW THE END OF APRIL.  IF I
21  COULD ORDER THIS INFORMATION PRODUCED AT A PARTICULAR DATE THAT
22  POSTDATES CLASS CERTIFICATION ARGUMENT --
23          MR. HECKER:  YES, YOUR HONOR.
24          THE COURT:  AND THEN SAY -- AND THEN SAY, BUT IF SHE
25  DENIES CERTIFICATION, THEN THE INFORMATION SHALL NOT BE
```

1  PRODUCED.

2  **MR. HECKER:** COULD I ADDRESS THAT, YOUR HONOR?

3  **THE COURT:** YES, SURE.

4  **MR. HECKER:** THERE'S TWO THINGS THAT COULD HAPPEN
5  THAT WOULD MAKE THE INFORMATION IRRELEVANT. ONE IS THE CLASS
6  BEING DENIED. THE OTHER IS THE STANDING MOTION, WHICH IS NOT
7  FRIVOLOUS.

8  **THE COURT:** IF SHE DISMISSES THE CASE, THEN WHATEVER
9  I ORDER IS NOT GOING TO HAPPEN.

10  **MR. HECKER:** I UNDERSTAND, YOUR HONOR, AND WE -- I
11  DON'T THINK IT'S ACCURATE TO SAY THAT THIS HAS BEEN KICKED OVER
12  AGAIN AND AGAIN AND AGAIN. I THINK JUDGE ARMSTRONG -- I THINK
13  I'M SEEING WHAT SHE'S DOING NOW.

14  SHE'S PUT ALL THE MOTIONS THAT WILL BRING THE CASE TO
15  A HEAD ON FOR THE SAME DAY, MAY 11, AND SHE'S PUT OUR CHALLENGE
16  TO THE PLAINTIFF'S STANDING, AND SHE'S PUT ALL THE CLASS
17  CERT-RELATED MOTIONS -- THERE ARE THREE OF THEM. WE HAVEN'T
18  DELAYED BRINGING THOSE MOTIONS. WE HAVE BEEN VERY DILIGENT AND
19  FILED THEM EARLY. AND SHE'S ALSO PUT THE MOTION ON THE
20  COMPANION CASE.

21  MR. OGILVIE FILED TWO CASES WITHIN THE SAME WEEK, AND
22  JUDGE ARMSTRONG WANTS, OBVIOUSLY, TO CONSIDER THEM IN SOME SENSE
23  TOGETHER, BECAUSE THEY'RE FOR THE SAME CLASS. SO I THINK IN TWO
24  WEEKS WE'LL KNOW THE ANSWERS.

25  **THE COURT:** BUT MY THOUGHT IS THIS -- YOU MAY OR MAY

```
 1  NOT KNOW THE ANSWERS IN TWO WEEKS.
 2            IF, AS OF JUNE 1, YOU DON'T HAVE AN ANSWER, AND
 3  THAT'S A COUPLE OF WEEKS AFTER THE HEARING, WELL, THEN WE'RE
 4  STARTING TO GET TO THE POINT WHERE HE'S ONLY GOT TWO MONTHS OF
 5  DISCOVERY LEFT.  SO I NEED TO FIGURE OUT WHAT TO DO ABOUT THAT.
 6            THE IDEA IS I WOULD ORDER THIS INFORMATION PRODUCED
 7  ON JUNE 1 UNLESS, UNLESS THE COURT DENIES CLASS CERTIFICATION OR
 8  DISMISSES THE CASE.  IF THE COURT DISMISSES THE CASE, ALL THE
 9  ORDERS GO AWAY ANYWAY.
10            THAT WOULD BE MY PROPOSAL.
11        **MR. HECKER:**  I THINK THE ONLY IMPONDERABLE IS JUDGE
12  ARMSTRONG'S TIMING, OBVIOUSLY, ON THESE MOTIONS, AND IF SHE
13  WERE -- IF WE WERE IN STASIS AND THE SAME SITUATION PERTAINED ON
14  JUNE 1 AS WE HAVE NOW ON APRIL 23 --
15        **THE COURT:**  YEAH.
16        **MR. HECKER:**  -- THEN ALL OF OUR POSITIONS WOULD BE
17  THE SAME.
18        **THE COURT:**  WELL, IF --
19        **MR. HECKER:**  AND JUDGE ARMSTRONG HAS THE ABILITY --
20        **THE COURT:**  LET ME -- HOW COULD THEY POSSIBLY BE THE
21  SAME?  ON JUNE 1 YOU HAVE 60 DAYS OF DISCOVERY LEFT.
22        **MR. HECKER:**  YOUR HONOR, I THINK JUDGE ARMSTRONG
23  WOULD BE THE FIRST -- SHE'S OBVIOUSLY MANAGING THE CASES IN THE
24  WAY SHE FEELS BEST.  SHE WOULD BE THE FIRST PERSON TO CONTINUE
25  THE DISCOVERY DEADLINES OR CONTINUE THE TRIAL IF THAT GIVES HIM
```

1   THE ABILITY TO DO THAT.  THIS IS NOT A CASE -- IF I MAY JUST
2   MAKE ONE MORE POINT?
3           WE HAVE HAD CASES WITH MR. OGILVIE WHERE THERE WERE
4   SERIOUS REASONS TO, IN HIS VIEW, THAT HE ADVOCATED, TO MOVE THE
5   CASES FAST, WHERE HE WANTED TO SEEK INJUNCTIVE RELIEF.  THE
6   DEFENDANT CONTINUED TO COLLECT AND SUE PEOPLE ON THESE ALLEGEDLY
7   INVALID DEFICIENCIES.
8           IN THIS CASE, OUR CLIENT DOESN'T DO ANY OF THOSE
9   THINGS, AND HE'S MADE NO EFFORT TO SEEK INJUNCTIVE RELIEF OR
10  ANYTHING LIKE THAT.  AMERICREDIT DOES NOT SUE UNDER DEFICIENCIES
11  IN CALIFORNIA, JUST A GENERAL POLICY MATTER; IS NOT ACTIVELY
12  COLLECTING ON DEFICIENCIES, AND THE NOTICES THAT HE ALLEGED WERE
13  INVALID HAVE BEEN CHANGED LAST YEAR, AND HE HAS CONCEDED THAT IN
14  HIS CLASS DEFINITION, THAT THE CLASS WILL CUT OFF IN MID JUNE.
15  SO THERE IS NO RUSH TO ADJUDICATE THIS CASE.
16          **THE COURT:**  I DON'T DECIDE THAT.  I'M GIVEN A PLAYING
17  FIELD, AND THE PLAYING FIELD IS I HAVE TO MANAGE DISCOVERY SO
18  THAT IT FINISHES ON JULY 30.  IF YOU ALL END UP GETTING A
19  DISCOVERY EXTENSION, THEN THAT CHANGES MY PLAYING FIELD.  BUT IF
20  YOU DON'T, IT DOESN'T CHANGE MY PLAYING FIELD.
21          **MR. HECKER:**  FAIR ENOUGH.  WE CAN CERTAINLY ADDRESS
22  THOSE MATTERS TO JUDGE ARMSTRONG IF WE HAVE TO.
23          **THE COURT:**  ABSOLUTELY.
24          BUT MY INCLINATION -- I WOULD PREFER TO HAVE THIS
25  INFORMATION PRODUCED AFTER A DECISION ON THE -- OBVIOUSLY, ON

1   THE MOTIONS TO DISMISS, BUT ALSO ON THE MOTION FOR CLASS

2   CERTIFICATION, BECAUSE I THINK IT IS RELEVANT TO THE MERITS

3   AND -- AND I WOULD LIKE TO DO THAT.

4       ON THE OTHER HAND, I'M COGNIZANT OF THE SCHEDULE SHE

5   SET FOR US AS OF NOW, SO I THINK I HAVE TO THREAD THAT NEW

6   NEEDLE A LITTLE BIT.

7       SO MY PROPOSAL -- NOT MY PROPOSAL.  MY ORDER WOULD BE

8   THAT THE DEFENDANTS PRODUCE THE INFORMATION REQUESTED BY THESE

9   FOUR INTERROGATORIES -- THREE INTERROGATORIES AND THE DOCUMENT

10  DEMAND NOT LATER THAN JUNE 1ST, 2010, UNLESS THE COURT HAS

11  DENIED CLASS CERTIFICATION OR DISMISSED THE CASE BY THAT TIME.

12      NOW, IF THERE ARE DEVELOPMENTS BETWEEN NOW AND

13  JUNE 1ST WHICH CHANGE HOW PEOPLE THINK ABOUT THAT, YOU THINK IT

14  SHOULD BE LATER, YOU THINK IT SHOULD BE MOVED UP BECAUSE SHE'S

15  TAKEN IT UNDER SUBMISSION AND DECIDED ON THE PAPERS EARLIER,

16  WHATEVER IT IS, I'M HAPPY TO CONSIDER THAT --

17      **MR. HECKER:**  I THINK THAT MAKES SENSE.

18      **THE COURT:**  -- IF THE SITUATION CHANGES.  BUT IF THE

19  SITUATION HASN'T CHANGED, THAT WILL BE THE ORDER OF THE COURT.

20      **MR. OGILVIE:**  YOUR HONOR, I WANT TO VOICE ONE

21  CONCERN.

22      **THE COURT:**  SURE.

23      **MR. OGILVIE:**  MR. HECKER HAS SUGGESTED THAT THIS MAY

24  TAKE SOME TIME FOR HIS CLIENT TO GET THIS INFORMATION, AND I

25  DON'T WANT TO BE IN THE POSITION ON JUNE 1 OF COMING BACK --

1   FIRST OF ALL, I WON'T BE BACK UNTIL -- I'M GONE UNTIL JUNE 4,
2   AND I'LL BE BACK, AND I DON'T WANT TO BE HIT WITH, WELL, THIS IS
3   GOING TO TAKE A LOT MORE TIME THAN WE EXPECTED TO PRODUCE THIS
4   INFORMATION, AND WE ARE NOT GOING TO BE ABLE TO GET IT TO YOU
5   UNTIL SOME DATE IN THE DISTANT FUTURE.  IT SEEMS TO ME WE OUGHT
6   TO CLARIFY THAT THIS IS THE DATE WHEN THEY ACTUALLY HAVE TO
7   PROVIDE THE INFORMATION.
8           **THE COURT:**  NO, NO.  IT'S AN ORDER OF THE COURT THAT
9   THEY HAVE TO PRODUCE IT ON OR BEFORE THAT DATE UNLESS I CHANGE
10  MY ORDER.
11          **MR. OGILVIE:**  THANK YOU.
12          **THE COURT:**  OR JUDGE ARMSTRONG CHANGES MY ORDER.
13          **MR. HECKER:**  YOUR HONOR, I THINK THE ORDER IS
14  EMINENTLY REASONABLE.  I APPRECIATE IT.
15          THE ONLY CAVEAT I WOULD PUT IS THAT, AS WE SET FORTH
16  IN THE LETTER, THERE ARE SOME THINGS THAT ARE RELATIVELY
17  UNBURDENSOME TO PROVIDE, SPREADSHEET, MANNER OF PAYMENTS, TIMING
18  OF PAYMENTS.  THE ARBITRATION CLAUSES THAT THE -- THE CONTRACTS
19  THAT DO AND DON'T HAVE ARBITRATION CLASSES, THAT IS SOMETHING
20  THAT WOULD REQUIRE, TO BE COMPLETELY ACCURATE, VERY BURDENSOME
21  ACTIVITY, AND MR. OGILVIE HIMSELF CONCEDES THAT BY SUGGESTING A
22  SAMPLING.
23          SO, I WOULD SUGGEST IF WE ARE IN A POSITION WHERE WE
24  HAVE TO GET INTO THAT, WE MEET AND CONFER, THAT WE BE ORDERED TO
25  MEET AND CONFER WITH MR. OGILVIE, WITH EACH OTHER, TO DETERMINE

```
 1  WHETHER SOME SAMPLING IS APPROPRIATE.
 2              THE COURT:  LET'S SOLVE IT NOW.
 3              ALL HE SAID WAS -- WHAT HE SAID WAS THAT HE WANTS YOU
 4  TO ANSWER INTERROGATORY TWO, AND THEN HE'S GOING TO -- IDENTIFY
 5  TWO PERCENT OF THOSE FILES TO SAMPLE, AND HE WANTS TO LOOK AT
 6  THOSE CONTRACTS.  THAT'S WHAT I READ --
 7              MR. OGILVIE:  THAT'S RIGHT.
 8              THE COURT:  -- THAT YOU WANTED TO DO.
 9              MR. HECKER:  I THINK THAT CUTS DOWN ON THE BURDEN,
10  ESPECIALLY IF THE COURT EXCLUDES -- IF THERE IS A CLASS
11  CERTIFIED AND THE COURT EXCLUDES THOSE ARBITRATION CLAUSES, IT
12  WILL BE A SMALLER NUMBER THAT WE WOULD BE SAMPLING, I SUPPOSE.
13  MAYBE NOT.  WE MAY HAVE TO HAVE LOOK AT THE ENTIRE UNIVERSE
14  BECAUSE THE CODING WAS NOT ACCURATE IN ALL CASES FOR THE
15  COMPUTER SEARCHES.
16              THE COURT:  YOU'LL GET TO THAT.
17              MR. HECKER:  I THINK THAT'S FINE.
18              THE COURT:  WELL, THAT'S FINE.
19              THERE'S A MECHANICAL QUESTION.  SO ON JUNE 4TH,
20  COUNSEL GETS BACK AND SEES THE LIST AND SAYS, I WANT THESE --
21  HOW MANY PEOPLE IN THE CLASS?
22              MR. OGILVIE:  THIRTY-TWO THOUSAND.
23              THE COURT:  SO YOU GET TWO PERCENT.  "I WANT THESE
24  600 PEOPLE."  HOW LONG WILL IT TAKE YOU TO GET THOSE 600
25  CONTRACTS?
```

1        **MR. HECKER:** I DON'T KNOW, BUT I'M SURE IT WOULD BE
2   DONE WITHOUT TOO MUCH DELAY. IT'S BETTER THAN GETTING 32,000,
3   YOUR HONOR.
4        **THE COURT:** ALL RIGHT. WITHIN ONE WEEK OF
5   IDENTIFICATION.
6        **MR. HECKER:** WHAT WOULD THAT BE ABOUT -- YOU MEAN
7   JUST PULLING THE CONTRACTS? IT'S NOT LIKE WE HAVE TO REVIEW
8   THEM. HE WANTS TO JUST SAMPLE THEM.
9        **THE COURT:** HE WANTS A SAMPLE OF THE CONTRACTS. HE'S
10  GOING TO TELL YOU, I WANT FOR THIS PERSON, THAT PERSON. HE'S
11  GOING TO GIVE YOU THE 600 NAMES, OR WHATEVER THE TWO PERCENT IS,
12  AND YOU'LL PRODUCE THOSE CONTRACTS WITHIN ONE WEEK OF
13  IDENTIFICATION.
14       **MR. HECKER:** I THINK THAT'S FINE. I'M STANDING HERE
15  WITHOUT CLIENT WITH ME, YOU UNDERSTAND, AND THERE'S
16  REASONABLENESS. MR. OGILVIE IS FULLY CAPABLE OF COMMUNICATING,
17  AS WE ARE, AND WE ALWAYS WORK THESE THINGS OUT, EXCEPT WHEN WE
18  DON'T. THIS IS ONE OF THE FEW SITUATIONS WHERE WE HAVEN'T.
19       **THE COURT:** SIX HUNDRED CONTRACTS YOU CAN FIND.
20       **MR. HECKER:** YES.
21       **THE COURT:** OKAY. GOOD.
22       SO THAT WILL BE THE ORDER OF THE COURT.
23       **MR. HECKER:** THANK YOU.
24       **MR. OGILVIE:** THANK YOU, YOUR HONOR.
25       **THE COURT:** WE'LL SEE WHAT HAPPENS.

```
 1          THANK YOU.
 2                    (PROCEEDINGS ADJOURNED.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF REPORTER

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 09-4892 SBA, BRANDI N. BANKSTON V. AMERICREDIT, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

S/B JOAN MARIE COLUMBINI

_____

JOAN MARIE COLUMBINI, CSR 5435, RPR

MONDAY, APRIL 26, 2010